UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Davis,   #304804,<br><br>                    Plaintiff,<br><br>vs.<br><br>Victoria Clayton; Willie Eagleton; Robin Chavis; Amy Smith,<br><br>                    Defendants. | C/A No. 3:11-3071-RMG-JRM<br><br>REPORT AND<br>RECOMMENDATION |

Eric Davis ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint claims Plaintiff was given the wrong medication and has been refused medical treatment. The Defendants named in the Complaint were SCDC employees at the time Plaintiff was given the wrong medication.[2] Plaintiff seeks monetary damages, as well as transfer to a different institution. The Complaint should be dismissed for failure to state a claim upon which relief may be granted against the named Defendants.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*. A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal

---

[3] Screening of cases filed by prisoners is subject to this standard as well, pursuant to 28 U.S.C. § 1915A.

arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff claims Defendant Clayton, while employed as a nurse by SCDC, gave him the wrong medication. Shortly thereafter, Defendant Clayton realized her mistake and requested the return of the medication, but Plaintiff had already taken it, believing it was meant for him. He did not receive the medication he was supposed to take that day. Plaintiff alleges that the next day, Defendant Clayton, accompanied by Officer Baskins who is not a named party to this lawsuit, gave him medication again. But then immediately Defendant Clayton took it back and Officer Baskins maced Plaintiff. Plaintiff claims that he "tried to go to medical/sick call cause the meds had my stomach cramping" but Plaintiff claims that "nurses" have refused to see him when he requests sick call. ECF No. 1 at 3. Plaintiff indicates that Defendant Clayton "has been wrote up . . . about her giving me the wrong meds" and "is not at this institution anymore." *Id*. at 4. Plaintiff seeks to be transferred to a different institution because "every since this situation happen I have been having a hard time with medical." *Id*. In the relief section of the Complaint, Plaintiff claims "nurses" currently only provide medication once a day, although he is supposed to take it twice a day, and sometimes "the nurse tries to make it fall on the floor." *Id*. at 5. Plaintiff seeks monetary damages, as well as to be transferred.

Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), (*quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983," *Estelle v. Gamble*, 429 U.S. 97, 105 (1976), as a violation of the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 103, quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 107. The Court of Appeals for the Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). In that case, the

court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted) ... nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in *Farmer v. Brennan*, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837–38. Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which a defendant was aware at the time, a plaintiff may not prevail. *Estelle v. Gamble*, 429 U.S. 97; *Farmer v. Brennan*, 511 U.S. 825; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986).

Plaintiff does not allege that Defendants Eagleton, Chavis, and Smith were personally involved in giving him the wrong medication. Liability under § 1983 arises only when a plaintiff can show that a defendant was "'personally responsible for a deprivation of a constitutional right.'" *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000) (quoting *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996)). As for the allegations against Defendant Clayton, the negligent administration of the wrong medicine does not rise to the level of an Eighth Amendment violation

5

or constitute deliberate indifference. *See, e.g., Brown v. Briscoe*, 998 F.2d 201, 204 (4th Cir.1993) (upholding *sua sponte* dismissal of § 1983 claim where nurse administered a tuberculosis inoculation after inmate informed her he had already received one); *Campbell v. Powers*, No. 4:07–3972–HFF–TER, 2009 WL 2614936 (D.S.C. Aug.25, 2009) (incident where correctional officer negligently gave wrong medication to detainee causing him to experience episode of hypoglycemia did not constitute deliberate indifference). In as much as the Complaint alleges "nurses" failed to respond to Plaintiff's request to be seen for stomach cramps, the Complaint again does not allege that any of the Defendants were involved in the intentional failure to provide Plaintiff with medical treatment for a serious illness. The Complaint indicates that Defendant Clayton is no longer at the institution, and the Plaintiff's claims of ongoing "problems" with "nurses" and "medical" do not appear to be allegations against Defendant Clayton, or the other Defendants, concerning their personal involvement in Plaintiff's medical care.

The Complaint contains no factual allegations against Defendants Eagleton, Chavis, and Smith, but simply indicates Defendant Eagleton is the warden, Defendant Chavis is an associate warden, and Defendant Smith is a nurse administrator/manager. ECF No. 1 at 2. It appears Plaintiff is suing these individuals as supervisors. The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir.1982).

The Complaint fails to state a claim against the Defendants on which relief may be granted, and should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A.

Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the notice on the following page.**

Joseph R. McCrorey
United States Magistrate Judge

January 9, 2012
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).