IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2012 FEB -3  P 2: 18

| | |
|---|---|
| Eric Davis,     #304804         )<br>                                 )<br>         Plaintiff,            )<br>                                 )<br>v.                               )<br>                                 )<br>Victoria Clayton; Willie Eagleton; )<br>Robin Chavis; Amy Smith,         )<br>                                 )<br>         Defendants.           )<br>_____) | Civil Action No.: 3:11-3071-RMG-JRM<br><br>**ORDER** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at Evans Correctional Institution. Plaintiff brings this action seeking relief pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On January 9, 2012, the Magistrate issued a Report and Recommendation recommending that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process based on Plaintiff's failure to state a claim on which relief may be granted. (Dkt. No. 8). On January 24, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 10). As explained herein, the Court adopts the Magistrate's Report and Recommendation and dismisses Plaintiff's Complaint.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with and adopts the Report and Recommendation of the Magistrate Judge. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a plaintiff may state a claim under § 1983 by alleging "deliberate indifference to serious medical needs," *see Estelle v. Gamble*, 429 U.S. 97, 107 (1976), a plaintiff does not allege a claim under § 1983 unless the alleged treatment is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Allegations of mere negligence or malpractice are insufficient. *Id.* at 852. Here, Plaintiff alleges that he was given the wrong medication by certain prison personnel and that he was not treated for stomach cramps. (Dkt. No. 1 at 3-4). The Complaint does not allege that any of the Defendants were involved in the intentional failure to provide Plaintiff with medical treatment for a serious illness. Plaintiff's allegations clearly do not rise to the level of a constitutional violation under the standard discussed above. Because the Complaint fails to state a claim against the Defendants on which relief may be granted, the Court adopts the Magistrate's Report

and Recommendation and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

February 3, 2012